IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY STEVEN MANCINELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-898-SLR |
| | ) |
| WARDEN PHIL MORGAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 6th day of April, 2011, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for injunctive relief[1] is denied as moot and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Jeffrey Steven Mancinelli ("plaintiff"), an inmate housed at the Howard R. Young Correctional Institution ("HRCYI"), Wilmington, Delaware, filed this complaint pursuant to 42 U.S.C. § 1983.[2] He proceeds pro se and has been granted leave to proceed without prepayment of fees.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

---

[1]The letter motion for injunctive relief mirrors the allegations in the complaint. (See D.I. 1, 4, 18, 19)

[2]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for

failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff filed a lawsuit in 2005 against former warden Thomas Carroll, former deputy warden Elizabeth A. Burris, William Kushel, and William Faust ("Faust"). *Mancinelli v. Carroll*, Civ. No. 05-21-SLR (D. Del. 2005) (dismissed on March 31, 2005 for failure to submit required authorization form). In that case, plaintiff, who at the time was housed at the James T. Vaughn Correctional Center ("VCC") (formerly the Delaware Correctional Center) in Smyrna, Delaware, alleged that Faust, a defendant in the current case, sexually harassed him.

7. Plaintiff is now housed at the HRYCI and Faust is employed there as a lieutenant. Plaintiff wrote numerous letters that he feared retaliation from Faust and was informed by defendant Major John Doe ("Doe") that Faust would not come near him. Plaintiff alleges that two weeks later, Faust came to his cell and threatened him. Plaintiff submitted grievances complaining that he does not feel safe in the institution, but no one is responding to his letters, and defendant warden Phil Morgan denied his grievance. Plaintiff also complained to defendants Lt. Allen Pederick, Aljandra Soto and Sgt. Moody, but they just "laughed at him." Plaintiff is afraid that Faust will retaliate against him and fears for his safety. He seeks compensatory and punitive damages and injunctive relief. (D.I. 1, 19)

8. **Sexual Harassment**. To the extent plaintiff alleges sexual harassment, the complaint fails to allege a claim. Allegations of sexual harassment of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983 so long as two

elements are met. See *Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 414 (7th Cir. 1997); *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997); *Freitas v. Ault*, 109 F.3d 1335, 1338-39 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997). The objective element requires severe or repetitive sexual abuse of an inmate by a prison officer. *Harris v. Zappan*, Civ. No. A 97-4957, 1999 WL 360203, at *4 (E.D. Pa. May 28, 1999) (citation omitted). The subjective element is whether the official had a sufficiently culpable state of mind. *Id.* (citation omitted). A single isolated incident of sexual harassment that is not in and of itself severe, is not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See *Boddie*, 105 F.3d at 857; *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998); *Wright v. O'Hara*, Civ. No. 00-1557, 2004 WL 1793018, at *7 (E.D. Pa. Aug. 11, 2004).

9. Here, plaintiff alleges that Faust sexually harassed him but provides no details regarding the alleged harassment. In addition, there is a two year statute of limitation period for § 1983 claims. See 10 Del. C. 10, § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). The harassment that plaintiff speaks to occurred in 2001 and 2002 and, therefore, is time-barred. For the above reasons, the sexual harassment claim is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

10. **Verbal Threats**. Plaintiff also alleges that Faust verbally threatened him. Verbal abuse of a prisoner, even of the lewd variety, is not actionable under 42 U.S.C. § 1983. *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) (not published). See *Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D. Pa. 1993); see also *McBride v. Deer*,

240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson*, 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). Plaintiff's claims of verbal harassment are not cognizable under § 1983. Therefore, they are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

11. **Retaliation**. Plaintiff alleges that Faust stated to him, "I will still get you mother f—ker." Plaintiff fears retaliation and is scared that Faust will retaliate against him. He does not, however, allege that retaliation has occurred, but merely speculates that it might happen. Accordingly, the claim is not ripe for adjudication. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"); *In re Unisys Corp. Retiree Med. Benefit "ERISA" Litigation*, 242 F.3d 497, 511 (3d Cir. 2001). *Accord Dawson v. Frias,* Civ. No. 09-6050(RMB), 2010 WL 1379894 (D.N.J. Mar. 30, 2010) ("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim). Based upon the foregoing, the retaliation claim is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

12. **Conclusion**. For the above reasons, plaintiff's motion for injunctive relief is denied as moot (D.I. 4) and the complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint is futile. The clerk of court is directed to close the case.

*[signature]*
UNITED STATES DISTRICT JUDGE